Welch, J.
That a foreign corporation, under the present laws of Ohio, can hold property in the state, and sue and be sued in her courts, is well settled, and is perhaps not intended to be denied. The argument seems to be, that this company was not a corporation, either because it was empowered by its charter to do business outside the state of its creation, as well as inside the state, or else, because-at the time these proceedings were had, the company had^ *625 done no business, beyond its mere organization, in the State of Pennsylvania. We are unable to see why the incorporation should be invalidated on either or both of these-, grounds. The question is simply, whether a corporation,, authorized by its charter to do business both at home and. abroad, and which, after due organization at home, commences its foreign business first, has a legal existence as a, corporation. We answer that it has. The life of a corporation dates from its organization, and not from the time-it begins to do business; and the insertion in its charter of a power to act outside the state of its creation does not invalidate the charter. The company was a legal corporation-in Pennsylvania as soon as organized there, and without commencing business there. Being such, it surely had the right to sue for and recover its property wherever found,, provided the laws of the place did not deny it the right:
We are likewise unable to agree with counsel in their second ground of objection to these proceedings. We-think that the substitution of the company as defendant, in place of its agent Edson, did not release the sureties in the-undertaking. By the terms of that instrument the sureties undertook that the plaintiff should duly prosecute his-“action aforesaid,” and pay “all costs and damages” awarded against him. The costs and damages here sought to be recovered were awarded “ against him,” and they were awarded against him in the same “ action.” It was a proper case for the change of parties; the change worked no prejudice to the rights of Pelletier; and it was made in pursuance of provisions of law which were in force-at the date of the undertaking. This undertaking is in the statutory form. Its language is broad enough, to cover a case like the present; and we suppose it was the intention of the legislature that it should cover such a case.

Judgment affirmed.